UNITED STATES of America, Plaintiff–Appellee,

v.

Enrique Ibarra LOPEZ, Defendant–Appellant.

No. 02–50266.

D.C. No. CR–02–00350–GT.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 16, 2003.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**456**

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

Enrique Ibarra Lopez appeals his guilty-plea conviction and sentence for importing marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Lopez claims that the government breached the plea agreement by failing to object to the presentence report, by failing to object at sentencing, and by misprinting a recommended guideline provision. Because Lopez failed to raise his claim below, we review for plain error. *See United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir.2000).

The government did not breach the plea agreement by failing to object to the presentence report, because the report accurately summarized the government's recommendations. Lopez's contention that the government's silence during sentencing constituted breach is equally unavailing, because the record demonstrates that the district court considered but rejected the government's recommendations.

Lopez is correct in noting that the government's sentencing summary chart misprinted a relevant guideline provision. This does not amount to "a highly prejudicial error affecting substantial rights," however. *See Maldonado*, 215 F.3d at 1051. The district court was aware of the proper guideline provisions, notwithstanding the misprint, and simply declined to follow the recommendation of the plea agreement.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

